J. S17042/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| EDWARD LEONARD HUMPHREY, | : | No. 1525 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered April 30, 2018,
in the Court of Common Pleas of Northampton County
Criminal Division at No. CP-48-CR-0002906-2013

BEFORE: BENDER, P.J.E., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JULY 15, 2019**

Edward Leonard Humphrey appeals from the April 30, 2018 order entered in the Court of Common Pleas of Northampton County denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court set forth the following procedural history:

> [Appellant] was charged with Home Improvement Fraud,[Footnote 1] Theft by Deception,[Footnote 2] and Receiving Stolen Property[Footnote 3] based on allegations that through his company, Total Remodeling of Northeast Pennsylvania, LLC, [appellant] failed to complete a renovation for the Victim, Leander Gray ("Gray"), and failed to refund money paid for the incomplete project. On January 7, 2014, following a two-day jury trial, [appellant] was convicted of Home Improvement Fraud and Theft by Deception. However, the trial court dismissed the charge of Receiving Stolen Property following the conclusion of the Commonwealth's case.

[Footnote 1] 73 P.S. § 517.8(a)(2)[.]

[Footnote 2] 18 Pa.C.S.A. § 3922(a)(1)[.]

[Footnote 3] 18 Pa.C.S.A. § 3925[.]

On February 7, 2014, [appellant] was sentenced to an aggregate of thirty-two (32) to sixty-four (64) months['] incarceration followed by a period of four (4) years of probation. [Appellant] was further ordered to pay restitution in the amount of Twenty-five Thousand Seven Hundred Seven dollars and Sixty-two cents ($25,707.62). On February 12, 2014, [appellant], through Attorney Yannuzzi, filed a Petition for Reconsideration of Sentence. The Court subsequently denied [appellant's] Petition and [appellant] appealed to the Superior Court of Pennsylvania. In a November 6, 2015 Memorandum Opinion issued by the Honorable Sallie Updyke Mundy, the Superior Court affirmed this Court's judgment of sentence. [*See Commonwealth v. Humphrey*, No. 1661 EDA 2015, (unpublished memorandum) (Pa.Super. filed November 6, 2015).]

[Appellant], through court-appointed counsel, filed a Post-Conviction Relief Act petition ("PCRA petition") on February 19, 2016. [Appellant] subsequently hired private counsel for his PCRA petition. Accordingly, [appellant's] counsel filed an Amended Petition Pursuant to the Post Conviction Relief Act on March 24, 2017 alleging ineffective assistance of counsel and after discovered evidence. On September 26, 2017, the parties appeared before the Court for a PCRA Hearing. The parties were unable to complete the hearing on that date and, therefore, ordered to return on December 6, 2017 for additional testimony. Prior to the December 6, 2017 hearing date, [appellant] filed a Supplemental Amended PCRA Petition Pursuant to the Post Conviction Relief Act on December 4, 2017. The parties appeared before the Court on December 6, 2017. As the testimony did not conclude on that date, the parties were scheduled to appear for an additional hearing on February 1, 201[8]. At the request of the Court, [appellant] filed

> a PCRA Hearing Memorandum prior to the February 1, 201[8] hearing. On February 1, 201[8], the parties appeared before the Court and concluded the PCRA Hearing.
>
> On April 2, 2018, [appellant] filed a Post Hearing PCRA Memorandum. On April 10, 2018, the Commonwealth filed a Brief in Opposition of [appellant's] Petition for Post-Conviction Collateral Relief. [Appellant] then filed a Reply Memorandum in Further Support of His Request for PCRA Relief on April 19, 2018.

PCRA court opinion, 4/30/18 at 1-3 (footnote 4 omitted).

The PCRA court denied the PCRA petition on April 30, 2018. Appellant filed a timely notice of appeal. The PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. On June 8, 2018, the PCRA court subsequently filed a "statement pursuant to [Pa.R.A.P.] 1925(a)" wherein it relied on the April 30, 2018 opinion as support for denying the PCRA petition.[1]

Appellant raises the following issues for our review:

1.    Did the PCRA court err when it denied [appellant's] request for a new trial based on ineffective assistance of counsel?

2.    Did the PCRA court err when it denied [appellant's] request for a new trial based on after discovered evidence?

---

[1] We note that the April 30, 2018 PCRA court opinion and order denying the PCRA petition were issued by the Honorable Emil Giordano. After Judge Giordano's retirement, the case was reassigned, and the Honorable Paula A. Roscioli issued the June 8, 2018 "statement pursuant to [Pa.R.A.P.] 1925(a)."

Appellant's brief at 2.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). We review the appeal "in the light most favorable to the prevailing party at the PCRA level[,]" and "[o]ur review is limited to the findings of the PCRA court and the evidence of record." ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa.Super. 2014) (citations omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This [c]ourt grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa.Super. 2002) (citation omitted).

In his first issue, appellant claims trial counsel was ineffective for failing to call a potential witness and "for failing to introduce several pieces of evidence that would have rebutted the Commonwealth's case and would have supported the defense." (Appellant's brief at 10-20.)

> To be eligible for relief based on a claim of ineffective assistance of counsel, a PCRA petitioner must demonstrate, by a preponderance of the evidence, that (1) the underlying claim is of arguable merit; (2) no reasonable basis existed for counsel's action or omission; and (3) there is a reasonable probability

- 4 -

> that the result of the proceeding would have been different absent such error. ***Commonwealth v. Steele***, 961 A.2d 786, 796 (Pa. 2008). With regard to the second, ***i.e.***, the "reasonable basis" prong, this Court will conclude that counsel's chosen strategy lacked a reasonable basis only if the appellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." ***Commonwealth v. Williams***, 899 A.2d 1060, 1064 (Pa. 2006) (citation omitted). To establish the third prong, ***i.e.***, prejudice, the appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's action or inaction. ***Commonwealth v. Dennis***, 950 A.2d 945, 954 (Pa. 2008).

***Commonwealth v. Matias***, 63 A.3d 807, 810 (Pa.Super. 2013), ***appeal denied***, 74 A.3d 1030 (Pa. 2013).

"A failure to call a witness is not ***per se*** ineffective assistance of counsel for such decision usually involves matters of trial strategy." ***Id.*** at 811 (citation omitted). In order to establish ineffectiveness for failing to call a potential witness to testify at trial, appellant must prove that:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

***Id.*** at 810-811 (citations omitted). In order to establish prejudice, appellant "must show how the [potential witness'] testimony would have been beneficial under the circumstances of the case" and "helpful to the defense" such that the absence of the testimony denied appellant a fair trial. ***Id.*** at 811 (citation

omitted); *see also Commonwealth v. Chmiel*, 889 A.2d 501, 546 (Pa. 2005) (citation omitted), *cert. denied*, 549 U.S. 848 (2006) (holding that "[t]rial counsel's failure to call a [potential witness] does not constitute ineffective assistance without some showing that the [potential] witness' testimony would have been beneficial or helpful in establishing the asserted defense.").

Here, appellant claims that trial counsel was ineffective for failing to call Christopher Bickham ("Bickham"), who was the lead carpenter for appellant's company at the time of the theft and fraud, as a witness at trial. (Appellant's brief at 10-13; *see also* notes of testimony, 2/1/18 at 5.) Appellant claims that Bickham would have testified that appellant did not instruct Gray to give Bickham a check for $9,842.93, which would have refuted Gray's trial testimony. (Appellant's brief at 11.)

The PCRA court found that although appellant proved that Bickham existed, appellant failed to establish that Bickham was available to testify for appellant at trial. (PCRA court opinion, 4/30/18 at 5.) The PCRA hearing transcript reflects that Bickham testified that he was not aware that appellant was charged with home improvement fraud. (Notes of testimony, 2/1/18 at 7-8.) Bickham also testified that after the company dissolved, he moved back

to New York State.[2] (*Id.* at 8.) Bickham further testified that the first time appellant contacted him was after appellant had been convicted of the before-mentioned crimes, and the purpose of the contact was to ask if Bickham would testify on behalf of appellant at the PCRA hearing. (*Id.* at 7-10.) Trial counsel testified that he had no recollection of discussing Bickham with appellant. (*Id.* at 70, 81-82.) The record supports the PCRA court's determination that appellant failed to demonstrate that Bickham was available to testify at trial.

The PCRA court also determined that appellant failed to establish that the absence of Bickham's testimony was so prejudicial as to have denied appellant a fair trial. (PCRA court opinion, 4/30/18 at 5.) We agree. Appellant's argument is that Bickham's testimony would have "directly refute[d]" Gray's testimony. (Appellant's brief at 11.) Conflicting testimony of Gray and Bickham as to whether appellant instructed Gray to give the check to Bickham would have raised a credibility determination, but appellant fails to demonstrate how the failure to call Bickham as a witness was so prejudicial as to deny him a fair trial. Consequently, we discern no abuse of discretion.

---

[2] Bickham testified that he did not recall when the company was dissolved. (Notes of testimony, 2/1/18 at 8.) Appellant, however, testified that the company was dissolved on September 2, 2011. (*Id.* at 43, 46, 60; *see also* PCRA Hearing Exhibit U – "Certificate of Amendment-Domestic," 9/2/11.)

Appellant next claims that trial "[c]ounsel was ineffective for failing to introduce several pieces of evidence that would have rebutted the Commonwealth's case and would have supported the defense." (*Id.* at 13.)

At the PCRA hearing, the Commonwealth utilized the trial transcript to question trial counsel concerning various documents that were admitted into evidence at trial, as well as specific testimony of witnesses on cross-examination with respect to these pieces of evidence. (Notes of testimony, 2/1/18 at 80-84.)

As the PCRA court explained:

> With regard to the Wells Fargo bank statements, KNBT bank statements and account opening information, and PayPal records, all were admitted into evidence at trial by the Commonwealth. Further, the testimony of James Reilly ("Reilly") confirmed that he opened both the Wells Fargo and PayPal account under the direction of [appellant]. Contrary to [appellant's] argument, both the July and August 2011 Wells Fargo bank statements were admitted into evidence at trial by the Commonwealth. Additionally, Jennifer Tillema ("Tillema") testified to opening the National Penn bank account in her name pursuant to [appellant's] direction. As each of these documents had previously been admitted, there was no reasonable basis for [trial counsel] to separately present them at trial. Further, with regard to the American Express bank and credit card statements, the record establishes that both [appellant] and Reilly had American Express cards

PCRA court opinion, 4/30/18 at 4 (citation to notes of testimony omitted).

The record supports the trial court's conclusion that appellant's ineffectiveness claim for failure to introduce certain documents into evidence

lacked arguable merit and that appellant failed to establish prejudice. Therefore, we discern no abuse of discretion.

Appellant finally complains that the PCRA court erred in denying his request for a new trial on the basis of after-discovered evidence. (Appellant's brief at 20-31.)

In order for appellant to be granted a new trial based upon after-discovered evidence, he must show that the evidence:

> 1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence;
>
> 2) is not merely corroborative or cumulative;
>
> 3) will not be used solely to impeach the credibility of a witness; and
>
> 4) is of such nature and character that a different verdict will likely result if a new trial is granted.

***Commonwealth v. Randolph***, 873 A.2d 1277, 1283 (Pa. 2005) (citation omitted), ***cert. denied***, 547 U.S. 1058 (2006).

> The test is conjunctive; the [appellant] must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted. Further, when reviewing the decision to grant or deny a new trial on the basis of after-discovered evidence, an appellate court is to determine whether the PCRA court committed an abuse of discretion or error of law that controlled the outcome of the case.

***Commonwealth v. Foreman***, 55 A.3d 532, 537 (Pa.Super. 2012) (citations omitted; brackets removed). "Discretion is abused when the course pursued

represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." **Commonwealth v. Padillas**, 997 A.2d 356, 361 (Pa.Super. 2010) (citation omitted). Appellant has the burden, at the evidentiary hearing, to establish that the document satisfies the after-discovered evidence requirements to warrant a new trial. **See Commonwealth v. Rivera**, 939 A.2d 355, 359 (Pa.Super. 2007), **appeal denied**, 939 A.2d 355 (Pa. 2008).

In his brief, appellant baldly asserts that he "obtained several documents after trial that satisfy [the after-discovered evidence] test" and that he is, therefore, entitled to a new trial. (Appellant's brief at 20.)

As the PCRA court explained:

> [appellant] argues that following trial, he discovered the original police reports had been altered. Specifically, [appellant] argues that a $15,000 payment was altered to reflect a $5,000 payment and that the original contract price of $44,842.93 was adjusted to $34,842.93. However, the evidence presented by [appellant] in this regard fails to sufficiently meet the standards necessary to warrant relief based on after-discovered evidence. Notably, [appellant] has failed to establish a purpose this evidence might serve aside from the impeachment of either or both Gray and/or Trooper Michael Hodgskin ("Trooper Hodgskin"). Moreover, [appellant] has further failed to establish that the nature and character of this evidence is such that it would likely alter the outcome of the trial.

[Appellant] further argues the Commonwealth committed a **Brady**[3] violation. Specifically, [appellant] contends the Commonwealth withheld exculpatory evidence in the form of KNBT bank statements showing that Tillema could have refunded Gray prior to dissolving the company. However, the record establishes that the aforementioned bank statements were admitted into evidence at trial by the Commonwealth. Accordingly, [appellant] cannot now claim he lacked access to these bank records prior to or at the time of trial. Therefore, [appellant's] after-discovered evidence claim in this regard must fail.

[Appellant] next argues other individuals, not [appellant], owned and were in control of the company. In reaching this conclusion, [appellant] references documents he obtained after trial, upon subpoena of the Department of State, purporting to show that Reilly submitted a forged document listing [appellant] as the owner of the company. [Appellant] further references a Pennsylvania State Police Supplemental Investigation Report he asserts establishes that Reilly, not [appellant], removed himself from the company. However, [appellant] fails to present sufficient evidence establishing the document was in fact forged or altered. Additionally, [appellant] incorrectly asserts that Reilly removed himself from the company. Rather, Reilly states that he did not want to be part of the business and that everything was shut down. Additionally, [appellant] fails to establish that these documents could not be obtained prior to the conclusion of trial.

[Appellant] further argues that following trial he received documents showing that Reilly cancelled the company's insurance upon claiming he was the license holder in August 15, 2011 and that Tillema purchased insurance for the company on August 18, 2011. However, [appellant] has failed to establish that these documents constitute after-discovered evidence as the information contained therein was testified to at

---

[3] **Brady v. Maryland**, 373 U.S. 83 (1963).

> trial. Notably, Tillema testified to this information at trial. Tillema specifically stated that she put the company in her name on August 10, 2011 by filing an amendment of ownership of the company. Additionally, she further testified to purchasing insurance as the company was not properly insured at the time. Accordingly, [appellant] has failed to establish that the documents could not have been obtained by reasonable diligence prior to the close of trial or that they amount to anything more than corroborative or cumulative evidence.

PCRA court opinion, 4/30/18 at 5-7 (footnote 5 and citations to notes of testimony omitted).

The record supports the PCRA court's conclusion that appellant failed to demonstrate that the documents were not being used solely for impeachment, that the documents could not have been obtained at or prior to the conclusion of trial by reasonable diligence, that the documents were not merely corroborative or cumulative, and that the documents would have resulted in a different verdict. Therefore, we discern no abuse of discretion or error of law.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/19